IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH BROWN,

    Petitioner,                    No. CIV S-09-1321 GEB KJM P

   vs.

DICKENSON,

    Respondent.              <u>ORDER</u>

_____/

         Petitioner is a state prisoner proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2254. The application was filed May 13, 2009. On October 9, 2009, the court ordered the respondent to file a response to the petition within sixty days. Since then, respondent has sought and obtained three thirty-day extensions of time in which to comply with that order. On each occasion, respondent's counsel stated that she possessed the state court documents necessary to draft a response in this case but sought additional time because of the "the press of earlier assigned cases." Motions at 2 (docket nos. 11, 14, and 16). In granting the third extension, the court stated that "[b]ecause this is respondent's third such extension, no additional extensions will be granted absent a showing of exceptional circumstances unrelated to the caseload of respondent's counsel." Order at 1 (docket no. 17). Now respondent's counsel

1

1 has moved for a fourth extension, on the day the response was due. For the reasons that follow, that request will be denied.

The court clearly admonished respondent that only a showing of extraordinary circumstances would justify another extension of time. The court made it equally clear that any such justification would have to be unrelated to the caseload of respondent's counsel. Yet respondent's counsel submits only, for the fourth time, "the press of earlier filed cases" and "three additional matters arising in ongoing cases which could not be set aside" as grounds for another extension. Mot. at 2. Counsel does not in any way acknowledge that the court had anticipated and ruled out counsel's obligations in other cases as a reason to stretch the time for filing a response in this case even further. Instead counsel submits as rote "the press of earlier filed cases." The instant motion is thus more in the nature of a pro forma request for relief than a pleading drafted with the court's previous, specific restrictions in mind. Respondent has already had five months in which to file a response; his counsel gives no cause for granting a sixth. The motion will be denied.

The latest deadline for filing a response expired on March 8, 2010. Respondent will be directed to file a response to the petition no later than March 17, 2010. Failure to meet this deadline will result in an order to show cause why the court should not impose sanctions for failure to observe this court's orders.

Accordingly, IT IS HEREBY ORDERED that the motion for an extension of time in which to file a response to the petition (docket no. 18) is denied. Respondent shall file a response no later than March 17, 2010. Failure to comply with that deadline will result in an order to show cause why the court should not impose sanctions for failure to follow the court's orders.

DATED: March 11, 2010.

4
brow1321.eot4.wpd

_____
U.S. MAGISTRATE JUDGE

2